This is an action to enjoin the collection of taxes levied by the defendants on property, real and personal, located within the boundaries of the Swannanoa Water and Sewer District in Buncombe County, and owned by the plaintiff, on the ground that said taxes are illegal for the reasons set out in the complaint.
At the trial it was agreed by and between the plaintiff and the defendants:
"1. That the plaintiff is a citizen and resident of the county of Buncombe and of the State of North Carolina, and that the individual defendants constitute the Board of County Commissioners of Buncombe County, and as such are ex officio trustees of the Swannanoa Water and Sewer District; that the defendants named as commissioners and ex officio
trustees of the Swannanoa Water and Sewer District, as such, are charged with the duty of levying and collecting taxes due the county of Buncombe, and also the Swannanoa Water and Sewer District.
"2. That chapter 341 of the Public-Local Laws of North Carolina, Session 1923, is entitled `An act to create sanitary districts in Buncombe County, and describing their purposes and powers'; and that the General Assembly of North Carolina, by chapter 249, Public-Local Laws of North Carolina, Session 1927, entitled `An act to ratify and approve the incorporation of the Swannanoa Sanitary Sewer District, heretofore created by the Board of Commissioners of Buncombe County, under the provisions of chapter 341, Public-Local Laws of North Carolina, Session 1923,' authorized, ratified, and confirmed all the proceedings taken by the Board of County Commissioners of Buncombe County in creating the Swannanoa Water and Sewer District; and that thereafter the General Assembly of North Carolina by chapter 139, Public-Local Laws of North Carolina, Session 1931, entitled `An act to amend chapter 249, Public-Local Laws of North Carolina, Session 1927,' authorized the Board of County Commissioners of Buncombe County to take over all properties of the trustees of the Swannanoa Water and Sewer District, and thereby vested in said Board of County Commissioners, as of 4 March, 1931, all the powers and duties of the trustees of said district, including specific powers and duties of maintaining and operating said district, and for the purpose of so maintaining and operating said district, to levy and collect taxes upon property within the territory of said water and sewer district; and that said Board of *Page 469 
County Commissioners are now operating and maintaining said district and have levied a tax upon the lands and premises of the plaintiff herein, and upon the lands of other persons located within said territory.
"3. That the defendants, as members of the Board of County Commissioners of Buncombe County, have included in their 1935-1936 budget a maintenance and a debt service tax, making a total levy of 31 cents on the one hundred dollars valuation on all property within said sanitary water and sewer district, and at the time of including the levy of the tax aforesaid the plaintiff was and is now the owner of property, real and personal, located within said water and sewer district, and defendants have levied upon said property of the plaintiff the tax as aforesaid.
"4. That pursuant to the acts of the General Assembly of North Carolina hereinbefore mentioned, the trustees of said district have constructed sewer lines under the provisions of the same; that the main sewer line, as constructed by the said trustees, is more than three miles from the lands of the plaintiff; and that said trustees endeavored to construct a branch or trunk line sewer and to service the lands and premises of the plaintiff, and other persons, approximately five years ago, but defendants do not now have any funds with which to complete said branch line and sewer.
"5. That the lands and premises of the plaintiff are located in a deep gorge or valley, surrounded by mountains, and by reason of its topographical situation, from an engineering standpoint, it will be practically impossible and prohibitive for financial reasons for the defendants, or their successors in office, ever to give sewer service to any of the lands of the plaintiff located within the boundaries of said water and sewer district."
On the foregoing agreed facts, the court was of opinion that the tax levied by the defendants on the property of the plaintiff is not illegal, and so adjudged.
From judgment denying the relief prayed for in his complaint, the plaintiff appealed to the Supreme Court.
The validity of the special tax levied by the defendants on property, real and personal, located within the boundaries of the Swannanoa Water and Sewer District, under express statutory authority, is not challenged by the plaintiff. He contends that the tax levied on his property located within the boundaries of said district is illegal, because, on the facts admitted at the trial, his property is not and cannot be benefited by the water or sewer lines which have been or *Page 470 
which may hereafter be constructed within said district. This contention cannot be sustained. See Valley Farms Co. v. Westchester County,261 U.S. 155, 67 L.Ed., 585. In that case it is held that "property may be included within a district for the construction of a sewer for house drainage, and assessed at its taxable value, although it can derive no benefit from the sewer without a large additional outlay not yet planned, without depriving the owner of the property without due process of law, in violation of the Federal Constitution." This principle is in accord with the decisions cited in the opinion by Mr. Justice McReynolds.
The judgment is
Affirmed.